IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEISSAC LAVER HILLIARD**, #1392258, | § § | |
| Petitioner, | § § | |
| v. | § | Civil Action No. **3:09-CV-2017-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the court are: (1) the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, filed April 28, 2010; and (2) Respondent's Motion to Substitute Counsel, filed May 18, 2010. Petitioner did not file objections.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. United States Magistrate Judge Irma C. Ramirez found that the petition should be denied with prejudice. Specifically, she determined that Petitioner failed to show that the state court's denial of his habeas claims was contrary to federal law or that the denial of relief was based on an unreasonable determination of the facts in light of the evidence presented in state court. She further determined that Petitioner's claims of ineffective assistance of counsel also fail.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses** the writ of habeas corpus **with prejudice**.

Order – Page 1

The court has also considered Respondent's Motion to Substitute Counsel and determines that it should be, and is hereby, **granted**. The court hereby permits Assistant Attorney General Matthew Ottoway to withdraw as counsel for respondent and **substitutes** Assistant Attorney General Peter S. McGuire as counsel for Respondent.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 21st day of May, 2010.

_____
Sam A. Lindsay
United States District Judge

**Order – Page 3**